24-330
United States v. Sterling

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
        MYRNA PÉREZ,
        ALISON J. NATHAN,
        MARIA ARAÚJO KAHN,
            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                                    *Appellee*,

        v.                                                              No. 24-330

FRANKLYN STERLING,

                        *Defendant-Appellant.*

_____

FOR APPELLEE:                          Amy Busa, Gabriel Park, Assistant United States Attorneys, of counsel, *for* John J. Durham, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:     James M. Branden, Law Office of James M. Branden, Staten Island, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Komitee, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Franklyn Sterling stands convicted after a jury trial of one count of attempted possession of a substance containing cocaine with intent to distribute. He appeals his conviction on a single ground—that evidence of his prior conviction for drug trafficking was improperly admitted under Federal Rules of Evidence 404(b) and 403. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we recount only as necessary to explain our decision to affirm Sterling's conviction.

## I.　Factual Background

Sterling was arrested in 2022 along with another man, Luis Salinas, after driving Salinas to a hotel in Queens. While Sterling waited in the car, Salinas met a cooperating witness in the hotel bar and took possession of a backpack containing replica cocaine. At trial, the government played a phone call the cooperating witness received shortly before the meeting in which the caller—allegedly Sterling—said he would stop by shortly to pick up the "zapatillas."[1]

Sterling testified at trial that he believed he was driving Salinas to the hotel to pick up clothing. To rebut this claim, the government sought to introduce evidence related to Sterling's 2016 conviction in the District of Vermont for trafficking heroin, including his in-court admission to having distributed cocaine in early 2015. That evidence also included a phone call between Sterling and an undercover officer in which Sterling, while arranging to distribute cocaine and

---

[1] *Zapatillas* is a Spanish word that refers to certain types of shoes, including sneakers. *See Zapatilla*, *Collins Spanish-English English-Spanish Dictionary* 714 (2d ed. 1988) ("(*para casa*) slipper; (*de baile*) pump; (*Dep*) trainer, training shoe . . . .").

heroin, referred to cocaine using the word "white" and to a bundle of heroin using the word "bun." After briefing, and over Sterling's objection, the district court admitted this evidence, concluding that it was probative of whether Sterling knew he was participating in a drug-trafficking operation. The district court gave the jury a limiting instruction.

## II.     Discussion

"We review a district court's admission of similar act evidence for abuse of discretion.  An abuse of discretion requires that the district court acted arbitrarily and irrationally." *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (internal quotation marks and citation omitted).

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.* 404(b)(2).  "The Second Circuit evaluates Rule 404(b) evidence under an 'inclusionary approach' and allows evidence 'for any purpose other than to show a defendant's criminal propensity.'"  *Garcia*, 291 F.3d at 136 (quoting *United States v. Pitre*, 960 F.2d 1112, 1118 (2d Cir. 1992)).

On its own, the government's allegation that Sterling used a code word during the instant offense would not be enough.  The "inclusionary rule is not a carte blanche to admit prejudicial extrinsic act evidence . . . ."  *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012).  There must also be evident similarities—for example, in the words used or in the circumstances in which they were used—that make the extrinsic-act evidence relevant without requiring an inference from the defendant's character.  *Cf. Garcia*, 291 F.3d at 138 ("Without a connection between the two acts, the prior act is not relevant or probative and is inadmissible."); *United States v. Tubol*, 191 F.3d

88, 96 (2d Cir. 1999) ("There is no proof that the hoax bomb and the Israeli bomb shared any characteristics beyond the word 'bomb' or that [the defendant] used them in similar ways.").

While the question here is a close one, we conclude that the district court did not "act[] arbitrarily and irrationally" in admitting the extrinsic-act evidence. *Garcia*, 291 F.3d at 136 (internal quotation marks omitted). The record evinces substantial similarities between Sterling's prior conduct and his conduct in this case that bear on whether he knew he was participating in a drug-trafficking operation. In combination, these similarities lead us to conclude, under the specific facts of this case, that the district court did not abuse its discretion.

* * *

We have considered Sterling's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court